IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**VINCENT GREGORY BAISI,**

      **Petitioner,**

v.                                                      Case No. 2:19-cv-00071

**CHARLES WILLIAMS, Superintendent,**
**South Central Regional Jail,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's "Motion to Petition to the Court to Protect Petitioner's Rights," which has been construed as a Letter-Form Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITIONER'S CLAIMS FOR RELIEF

The petitioner is a pre-trial detainee incarcerated at the South Central Regional Jail. On January 25, 2019, he filed the instant petition asserting that he has been improperly detained in violation of his Eighth and Fourteenth Amendment rights because the Circuit Court of Kanawha County determined that he was a flight risk, set an excessive bond amount, and refused to consider non-monetary alternatives to detention.

The petitioner seeks a lower bond, release from custody, and another hearing on non-monetary conditions of release pending trial. It does not appear that the petitioner

has sought any further relief in the state courts concerning the Circuit Court's ruling. Because it is clear from the face of the petition that the petitioner is not entitled to any relief thereon, the undersigned has not ordered a response by the respondent.

## **ANALYSIS**

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). This court is unable to grant the petitioner his requested relief under 28 U.S.C. § 2241 for several reasons. First, as a pre-trial detainee, the petitioner's exclusive federal remedy for alleged unconstitutional confinement was to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), naming his custodian as the respondent, as he did here, but only *after* fully exhausting his state remedies. Although section 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a section 2241 petition in federal court. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975).

Although the petition asserts that the petitioner has had two circuit court proceedings concerning bond, there is no indication that he has filed an appeal to the Supreme Court of Appeals of West Virginia or sought state habeas corpus remedies prior to filing the instant section 2241 petition. *See Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Under the *Younger* abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). All of those factors are met here.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner is not presently entitled to any habeas corpus relief in this federal court.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY,** without prejudice, the petitioner's Letter-Form Petition for a Writ of Habeas Corpus (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and

3

8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Report and Recommendation and to mail a copy of the same to the petitioner.

May 2, 2019

Dwane L. Tinsley
United States Magistrate Judge